**Ruth Wilson HURLEY, Plaintiff,**

v.

**Donald T. HARTLEY, District Director of Internal Revenue Service, Defendant.**

**Civ. No. 6188.**

United States District Court
D. New Mexico.
April 22, 1966.

Bigbee & Byrd, Sante Fe, N. M., for plaintiff.

John Quinn, U. S. Atty., Albuquerque, N. M., and John O. Jones, Atty., Tax Div., Dept. of Justice, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This is an action by Mrs. Ruth Wilson Hurley for the recovery of Federal Estate Taxes in the amount of $238,236.33 paid under protest by her, pursuant to an assessment for estate taxes in connection with the death of General Patrick J. Hurley. Prior to the death of General Hurley on June 30, 1963, he and Mrs. Hurley were residents of and domiciled in Santa Fe, New Mexico. They owned community property governed by the community property laws of New Mexico, valued at $1,921,558.01. On October 21, 1960, General and Mrs. Hurley acknowledged that all property which they owned was community property. On the same date they each made wills to take effect only on surviving the other. General Hurley's will acknowledged the community property status of all property in which he owned an interest, and the will was conditioned upon his surviving Mrs. Hurley. General Hurley having predeceased Mrs. Hurley, the will did not become operative and he died intestate.

The defendant made an assessment in the amount of $238,236.33 for Federal Estate Taxes in connection with the death of General Hurley. Plaintiff paid this amount under protest and timely filed a claim for refund which was refused. This action was thereafter filed. The material facts being stipulated by the parties, the issue for determination is solely one of law.

The question presented is whether one-half of the community property owned by General and Mrs. Hurley at the date of his death is includible in his gross estate for Federal Estate Tax purposes within the meaning of Section 2033 of the Internal Revenue Code of 1954, or is wholly exempt from Federal Estate Taxes.

The pertinent provisions of the Internal Revenue Code of 1954 are as follows:

Section 2001. *Rate of tax* "A tax * * * is hereby imposed on the transfer of the taxable estate, * *."

Section 2033. "The value of the gross estate shall include the value of all property * * * to the extent of the interest therein of the decedent at the time of his death."

Plaintiff contends that upon the death of General Hurley no transfer or taxable incident occurred under the Estate Tax provisions of the Internal Revenue Code. The position of plaintiff is that General Hurley's death did not give rise to a transfer within the meaning of Section 2001, because he owned no interest in any property within the meaning of Section 2033, at the time of his death.

Plaintiff's position is that this result obtains from a change in the descent and distribution laws of the State of New Mexico pertaining to community property in 1959, as further amended in 1961, and the application of the principles enunciated in Hernandez v. Becker, 54 F.2d 542, 10th Circuit, 1931.

In 1959 the provision relating to distribution of community property upon the death of the husband was changed to read in material part as follows:

Section 29–1–9, N.M.S.A. 1953:

"Upon the death of the husband, the entire community property, without administration, belongs to the surviving wife, subject to the husband's power of testamentary disposition over one-half of the community property. * * * The entire community property is subject to the community debts, the husband's debts, funeral expenses of the husband, the family allowance and the charge and expenses of administration."

The Statute was further amended in 1961 to provide in material part as follows:

"Upon the death of the husband, the entire community property goes to the surviving wife, subject to the husband's power of testamentary disposition over one-half of the community property. * * * *"

An exhaustive article by Professor R. Dale Swihart on the subject of Federal Taxation of New Mexico Community property is found in the Natural Resources Journal of the University of New Mexico School of Law, Volume 3, No. 1, May 1963, at Page 104. With relation to the above statute as amended in 1959 and in 1961, and directing his attention to the point at issue in this action, Professor Swihart's comment is contained in footnote 398 at page 154. Discussing first the 1959 amendment, the note reads:

"The use of the word 'belongs' can no doubt be attributed to the magical spell which the word cast over the Tenth Circuit in Hernandez v. Becker, 54 F.2d 542 (10th Cir. 1931). See notes 294 and 295 supra and accompanying text. The hope that the entire community property might escape estate taxation at the husband's death was obviously ill considered from the start. The anomalous statement that the property belonged to the wife subject to the testamentary disposition of the husband was, of course, pure nonsense. And how property which belonged 'without administration' to the wife was to be subject to the husband's death, etc. caused a baffling problem. The 1961 amendment cured the provision of these nonsensical ills by eliminating the word 'belongs' and substituting 'goes,' and deleting the 'without administration' proviso. N.M.Laws 1961, ch. 12, § 1."

Without necessarily agreeing with all of the analysis made or conclusions drawn in the article, it is the opinion of the Court that it is the most thorough and able review available of the history of federal taxation of community property in New Mexico.

Insofar as the present problem is concerned it is the conclusion of the Court that the 1959 and 1961 amendments to Section 29–1–9 do not have the effect attributed to them by plaintiff herein.

In addition to the inconsistencies and anomalies pointed out in the note to Professor Swihart's article cited above, there is one overriding reason why the position of the plaintiff cannot be sustained. The power of testamentary disposition over one-half of the community estate, whether or not exercised by the decedent husband, cannot be dismissed or brushed aside in determining whether he had an

interest which was transferred upon his death.

Certainly by any standard General Hurley had at least a one-half interest in the community property during his lifetime. It was his free choice and his determination that upon his death such interest should become the property of Mrs. Hurley. No semantics or theory can change the plain fact that upon the General's death his one-half interest in the community estate was transferred to Mrs. Hurley.

It is the conclusion of the Court that for federal estate tax purposes the decedent, General Hurley, had at least a one-half interest in the community estate at the time of his death and that his interest was transferred to Mrs. Hurley. It follows that plaintiff is not entitled to recover the tax paid.

Judgment will be entered for defendant. The facts having been stipulated by the parties, this Memorandum will be filed as the Conclusions of Law in this case.